1

2

3                                                                O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  OSVALDO ROSA,                    )  Case No. CV 15-01740 DDP (FFMx)
                                     )
12                 Plaintiff,        )  **ORDER DENYING PLAINTIFF'S MOTION**
                                     )  **TO JOIN REAL PARTY OF INTEREST**
13        v.                         )  **AND DISMISSING CASE**
                                     )
14  UNITED STATES OF AMERICA,        )  [Dkt. 20, Dkt. 17]
                                     )
15                 Defendants.       )
    _____)
16

17       On August 8, 2016, the court ordered parties to show cause why

18  this action should not be dismissed for failure to name a valid

19  defendant under 5 U.S.C. § 552(a)(4)(b). (See Dkt. 15.) The parties

20  were given forty five days to comply with the order. (Id.) On

21  September 23, one day after the deadline, the court issued an Order

22  dismissing the action with prejudice for failure to comply with the

23  court's August 8 Order. (Dkt. 17.) However, it now appears that

24  Plaintiff timely submitted a response to the court's August 8 Order

25  but the court did not receive the response until after the deadline

26  due to a clerical error. (See Dkt. 20.) Accordingly, the court

27  VACATES its September 23, 2016 dismissing the action. (See Dkt.

28  19.) Having reviewed Plaintiffs response, entitled Plaintiff's

Motion to Join Party of Real Interest, the court concludes that the action must nonetheless be DISMISSED.

Plaintiff brought this action against the United States to recover certain documents under the Freedom of Information Act. 5 U.S.C. § 552 et seq. (See Dkt. 1-1.) According to Plaintiff, the action was ultimately settled pursuant to court-directed ADR. (See Dkt. 10.) Plaintiff then filed a Motion for Attorney Fees and Costs as the substantially prevailing party. (See Dkt. 12.) On June 23, 2016, the United States filed a status report noting that it was never served with Plaintiff's summons and complaint and stating that the United States is not a proper party to a FOIA litigation under 5 U.S.C. § 552(a)(4)(B). (Dkt. 13.) Accordingly, the court issued its August 8 Order.

Plaintiff's pending filing attempts to cure the defect identified in the Court's August 8 Order by filing a Motion to Join a Real Party in Interest pursuant to Federal Rule of Civil Procedure 17(3). (See Dkt. 20.) Specifically, Plaintiff seeks to now join the Department of Justice and the Federal Bureau of Prisons as the real parties in interest. (Id.) Plaintiff has not provided, nor can the court find, any authority permitting a plaintiff to join a real party in interest solely for the purpose of recovering fees and costs where the underlying dispute has been resolved. At least one court, however, has affirmed a denial of Rule 17(3) motion where the underlying dispute was moot, albeit in a case where no fee motion was pending. See Jones v. Swanson, 512 F.3d 1045, 1050 (8th Cir. 2008).

In addition to potential mootness concerns, permitting a plaintiff to join the real party in interest, or granting leave to

add a defendant, after the underlying dispute has been resolved for the sole purpose of bringing a fees motion risks unduly prejudicing a defendant. Had the proper defendant been named at the outset, the litigation might have taken a different course. The parties might have settled immediately, or perhaps the properly named defendant would have adopted a different litigation strategy. Thus, the court DENIES Plaintiff's Motion and DISMISSES the case.

   IT IS SO ORDERED.

Dated: September 29, 2016

DEAN D. PREGERSON
United States District Judge